UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
ANTHONY COLLINS, on behalf of himself, individually,
and on behalf of all others similarly-situated,

                Plaintiff,

       -against-

ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM
SOUND, STAGE, AND LIGHTING, and ANGELO
POULOS, individually,

                Defendants.
--------------------------------------------------------------------------X

**<u>COMPLAINT</u>**

**Docket No.:**

<u>Jury Trial Demanded</u>

      ANTHONY COLLINS, on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs" and/or "Rule 23 Plaintiffs"), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against ANTHEM PRODUCTIONS, LLC d/b/a ANTHEM SOUND, STAGE, AND LIGHTING ("Anthem"), and ANGELO POULOS, individually, (both, collectively, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

**<u>NATURE OF CASE</u>**

      1.    This is a civil action for damages and equitable relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers furnish employees with wage

statements containing specific categories of accurate information on each payday, NYLL § 195(3);(iv) the NYLL's requirement that employers furnish employees with a wage notice containing specific categories of accurate information upon hire, NYLL § 195(1); (v) the anti-retaliation provision of the FLSA, 29 U.S.C. § 215(a)(3); (vi) one of the NYLL's anti-retaliation provisions, NYLL § 215(1); and (vii) any other claim(s) that can be inferred from the facts set forth herein.

2.    Defendants, a company that specializes in audio, video, intelligent lighting, and effects systems for events, clubs, and other entities, and its day-to-day overseer, employed Plaintiff from approximately June 2013 until his termination on or about September 6, 2016, as an audio technician.

3.    As described below, throughout his employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL.  Specifically, for the entirety of his employment, the Defendants required Plaintiff to routinely work, and Plaintiff did in fact work, in excess of forty hours each week or virtually each week, but Defendants, pursuant to their company policy, only paid Plaintiff his overtime rate of one-and-one-half times his straight wage for all hours that he worked each week after forty-five, and not all hours worked after forty as the FLSA and NYLL require.  Defendants also failed to provide Plaintiff with a wage notice at hire or accurate wage statements on each payday as the NYLL requires.

4.    Defendants paid and treated all of their non-managerial employees in the same manner.

5.    Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of

all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of the Defendants' violations of the FLSA.

6.      Plaintiff also brings this lawsuit as a class action pursuant to Federal Rule of Civil Procedure ("FRCP") 23, on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable NYLL limitations period who suffered damages as a result of the Defendants' violations of the NYLL and the supporting New York State Department of Labor Regulations.

7.      Additionally, after Plaintiff complained to Defendant Poulos regarding Defendants' pay practices, specifically regarding Defendants' failure to properly pay overtime wages, Defendants terminated Plaintiff's employment.  Accordingly, Plaintiff brings retaliation claims under the FLSA and NYLL on behalf of himself only.

## JURISDICTION AND VENUE

8.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*.  The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

9.      Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1), as one or more of the Defendants reside within this judicial district, and pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the actions or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

10.     At all relevant times herein, Plaintiff worked for Defendants in New York, and was an "employee" entitled to protection as defined by the FLSA, NYLL, and NYCCRR.

11.     At all relevant times herein, Defendant Anthem was and is a limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 3505 Rombouts Avenue, Bronx, New York 10475. Defendant Anthem is registered with the New York State Department of State to receive service at 500 Mamaroneck Avenue, Suite 505, Harrison, New York 10528.

12.     At all relevant times herein, Defendant Poulos was and is the owner, president, and Chief Executive Officer of Defendant Anthem. Defendant Poulos manages and oversees the day-to-day operations of Anthem, and was and is ultimately responsible for all matters with respect to determining Anthem's employees' rates and methods of pay and hours worked. Furthermore, Defendant Poulos had and exercised the power to hire and fire and approve all personnel decisions with respect to Anthem's employees.

13.     At all relevant times herein, Defendants were and are "employers" within the meaning of the FLSA and NYLL. Additionally, Defendant Anthem's qualifying annual business exceeded and exceeds $500,000, and Defendants are engaged in interstate commerce within the meaning of the FLSA as they conduct business across state lines, as evidenced by their business that services clients at venues, clubs, and event locations outside of New York, including Florida, California, Nevada, Illinois, and Texas. Also, Defendants buy equipment from out-of-state vendors and lease the equipment to venues outside of New York State. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, are required, on a daily or near daily basis, to serve customers who come from out-of-state and are routinely required to travel across state lines, at least once a month, to install and service sound systems for out-of-state clients. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

14.     Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former non-managerial employees, who during the applicable FLSA limitations period, performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15.     Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16.     At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

17.     Thus, all FLSA Plaintiffs are victims to Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty in violation of the FLSA.

**RULE 23 CLASS ALLEGATIONS**

18.     In addition, Plaintiff seeks to maintain this action as a class action pursuant to FRCP 23(b)(3), individually, on his own behalf, as well as on the behalf of those who are similarly situated who, during the applicable limitations period, Defendants subjected to violations of the NYLL and NYCCRR.

19.     Under FRCP 23(b)(3), Plaintiff must plead that:

  a.   The class is so numerous that joinder is impracticable;

  b.   There are questions of law or fact common to the class that predominate over any individual questions of law or fact;

  c.   Claims or defendants of the representative are typical of the class;

  d.   The representative will fairly and adequately protect the class; and

  e.   A class action is superior to other methods of adjudication.

20.     Plaintiff seeks certification of the following FRCP 23 class:

Current and former non-managerial employees, who worked for Defendants during the statutory period within the State of New York, who (1) did not receive compensation from Defendants at the legally-required overtime rate of pay for each hour worked over forty hours per week; and/or (2) were not provided with accurate wage statements on each payday pursuant to NYLL § 195(3); and/or (3) were not provided with an accurate wage notice upon hire pursuant to NYLL § 195(1) ("Rule 23 Plaintiffs").

Numerosity

21.     During the previous six years, Defendants have, in total, employed at least forty employees that are putative members of this class.

6

<u>Common Questions of Law and/or Fact</u>

22.    There are questions of law and fact common to each and every Rule 23 Plaintiff that predominate over any questions solely affecting individual members of the FRCP 23 Class, including but not limited to the following: (1) the duties that Defendants required and require each Rule 23 Plaintiff to perform; (2) the manner of compensating each Rule 23 Plaintiff; (3) whether Rule 23 Plaintiffs worked and work in excess of forty hours per week; (4) whether Defendants failed or fail to pay Rule 23 Plaintiffs proper overtime compensation for all hours worked in excess of forty hours in a workweek; (5) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage statements on each payday containing the information that NYLL § 195(3) requires; (6) whether Defendants furnished and furnish Rule 23 Plaintiffs with accurate wage notices upon hire containing the information the NYLL § 195(1) requires; (7) whether Defendants kept and maintained accurate records of hours that Rule 23 Plaintiffs worked; (8) whether Defendants have any affirmative defenses to any of the Rule 23 Plaintiffs' claims; (9) whether the Defendants' actions with respect to the Rule 23 Plaintiffs were in violation of the NYLL and supporting regulations; and (10) if so, what constitutes the proper measure of damages.

<u>Typicality of Claims and/or Defenses</u>

23.    As described in the "Background Facts" section below, Defendants employed and/or employ Plaintiff and Rule 23 Plaintiffs within the meaning of the NYLL.  Plaintiff's claims are typical of the claims of the Rule 23 Plaintiffs whom he seeks to represent, as the Rule 23 Plaintiffs work and/or have worked for Defendants as non-managerial employees, and Defendants failed to pay them overtime pay for all hours worked in a week over forty, provide them proper wage statements on each payday, and provide them with a wage notice upon hire.

Plaintiff and Rule 23 Plaintiffs have all sustained similar types of damages as a result of Defendants' failure to comply with the NYLL and supporting regulations. Plaintiff and the Rule 23 Plaintiffs all have suffered injury, including lack of compensation or under-compensation, due to Defendants' common policies, practices, and patterns of conduct. Thus, Plaintiff's claims and/or Defendants' defenses to those claims are typical of the Rule 23 Plaintiffs' claims and/or Defendants' defenses to those claims.

Adequacy

24.    Plaintiff, as described below, worked the same or similar hours as the Rule 23 Plaintiffs throughout his employment with Defendants. Defendants did not pay Plaintiff overtime for all hours worked over forty hours in a week, did not furnish Plaintiff with accurate wage statements on each payday, and did not furnish Plaintiff with a wage notice upon hire, which is substantially similar to how Defendants paid and treated the Rule 23 Plaintiffs. Plaintiff fully anticipates providing discovery responses and testifying under oath as to all of the matters raised in this Complaint and that will be raised in Defendants' Answer. Thus, Plaintiff would properly and adequate represent the current and former employees whom Defendants have subject to the treatment alleged herein.

Superiority

25.    Plaintiff has no, or very few, material facts relating to the Rule 23 Plaintiffs' claims that are atypical of those of the putative class. Indeed, at all relevant times herein, Defendants treated Plaintiff identically, or at the very least, substantially similarly, to the Rule 23 Plaintiffs.

26.     Any lawsuit brought by an employee of Defendants would be identical to a suit brought by any other employee for these same violations.  Thus, separate litigation would risk inconsistent results.

27.     Accordingly, this means of protecting Rule 23 Plaintiffs' rights is superior to any other method, and this action is properly maintainable as a class action under FRCP 23(b)(3).

28.     Additionally, Plaintiff's counsel has substantial experience in this field of law.

## BACKGROUND FACTS

29.     Defendant Anthem is a privately-owned special effects installations company that services venues, clubs, and events throughout Manhattan, as well as out-of-state locations, including Florida, California, Nevada, Illinois, and Texas.

30.     Defendant Poulos owns, operates, and/or manages Defendant Anthem, overseeing its operations on a daily basis, and is ultimately responsible for all matters with respect to hiring, firing, and disciplining Anthem's employees, as well as determining employees' rates and methods of pay and hours worked.

31.     In or around June 2013, Defendant Poulos hired Plaintiff to work as a non-managerial audio technician for Anthem.

32.     As an audio technician, Plaintiff's primary duties consisted of installing audio systems, sound systems, and point of sale systems at business venues, clubs, and restaurants.

33.     From the start of his employment in June 2013 until in or about September 2015, Defendants agreed to pay Plaintiff a wage of $25.00 per hour and an overtime rate of $37.50. From in or October 2015 until his termination on September 6, 2016, Defendants agreed to pay Plaintiff a wage of $27.00 per hour and an overtime rate of $40.50 per hour.

34.     Defendants paid Plaintiff on a weekly basis.

35.     Throughout his employment, Defendants usually required Plaintiff to work, and Plaintiff did work, between forty-five and fifty hours per week.  Occasionally, when performing work outside of New York, Defendants required Plaintiff to work, and Plaintiff did work, as many as ninety-eight hours in a week.

36.     By way of example only, during the week of April 18 through April 24, 2016, Defendants required Plaintiff to work, and Plaintiff did work, seven days, from 8:00 a.m. to 10:00 p.m. each day.  Thus, adding up the hours for this one workweek, Plaintiff worked ninety-eight hours.

37.     In exchange for his work, Defendants paid Plaintiff, as they paid all FLSA Plaintiffs and Rule 23 Plaintiffs pursuant to the same policy or practice, overtime at the rate of time and one-half his straight-time rate only for those hours that Plaintiff worked per week in excess of forty-five.  Thus, for the hours that Plaintiff worked per week between forty and forty-five, Defendants paid Plaintiff at his straight-time rate only.  This occurred during each week of Plaintiff's employment.

38.     For example, during the week of April 18 to April 24, 2016 when, as described above, Plaintiff worked ninety-eight hours, Defendants should have paid Plaintiff for forty hours at his straight time rate of $27.00, or $1,080.00, and for fifty-eight hours at his overtime rate of $40.50, or $2,349.00, for a total of $3,429.00 for this week.  Yet, instead, for this week, Defendants paid Plaintiff for forty-five hours at his straight hourly wage, or $1,215.00, and fifty-three hours at his overtime hourly rate, or $2,146.50, for a total of $3,361.50, which is $67.50 less than what Plaintiff should have received for that workweek.

39.     On each occasion when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his straight and overtime pay for all hours

worked for that week, computed at the proper rates of pay for every hour worked as required under the NYLL.

40.    Upon hire, Defendants failed to provide Plaintiff with any wage notice, let alone one containing the accurate information as required under Section 195(1) of the NYLL.

41.    In or around August 2016, Plaintiff complained to Defendant Poulos about Defendants' failure to pay employees their statutorily-required overtime pay for all hours worked over forty.  During the same conversation, Defendant Poulos told Plaintiff that paying employees at the overtime rate for hours worked over forty-five is a company policy.

42.    Following Plaintiff's complaint regarding overtime, in an effort to encourage Plaintiff to resign, Defendant Poulos retaliated against Plaintiff by assigning Plaintiff to work early shifts just mere hours after returning from a long business trip to California.  Specifically, on or about September 6, 2016, after Plaintiff arrived home from the business trip to California at 4:00 a.m., Defendant Poulos called and immediately demanded that Plaintiff report to work at 7:30 a.m. that same day.  During the same phone call, when Plaintiff objected and reminded Defendant Poulos of his prior overtime complaints, Defendant Poulos terminated Plaintiff's employment.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

43.    Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

44.    29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rate of pay for all hours worked exceeding forty in a workweek.

45.     As described above, Defendants are employers within the meaning of the FLSA while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

46.     As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours per week, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

47.     Defendants willfully violated the FLSA.

48.     Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at a rate of one and one-half times their respective regular rates of pay.

49.     Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violation of the FLSA's overtime provisions.

### SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

50.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

51.     NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for any hours worked exceeding forty in a workweek.

52.     As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and Rule 23 Plaintiffs are employees within the meaning of the NYLL and the NYCCRR.

53.     As also described above, Plaintiff and Rule 23 Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

54.     Plaintiff and Rule 23 Plaintiffs are entitled to their overtime pay for all hours worked per week in excess of forty at a rate of one and one-half times their respective regular rate of pay.

55.     Plaintiff and Rule 23 Plaintiffs are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and NYCCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

56.     Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

57.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

58.     As described above, the Defendants, on each payday, failed to furnish Plaintiff and Rule 23 Plaintiffs with accurate wage statements containing the accurate criteria required under the NYLL.

59.     Prior to February 27, 2015, pursuant to NYLL § 198(1-d), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

60.     On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notice in Violation of the NYLL*

61.    Plaintiff and Rule 23 Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

62.    NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire and any time their pay rate changes containing accurate, specifically enumerated criteria.

63.    As described above, the Defendants failed to provide Plaintiff and Rule 23 Plaintiffs with an accurate wage notice at hire containing the criteria enumerated under the NYLL.

64.    Prior to February 27, 2015, pursuant to NYLL § 198(1-b), the Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workweek after the violation occurred, up to a statutory cap of $2,500.

65.    On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff and Rule 23 Plaintiffs in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Retaliation under FLSA with respect to Plaintiff only*

66.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

67.    Under FLSA § 215(a)(3), it is unlawful "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint . . . under . . . this chapter, or has testified or is about to testify in any such proceeding."

14

68.    As described above, after Plaintiff made a good faith complaint under this chapter, Defendants retaliated by terminating his employment.

69.    Defendants' practices were in willful violation of the FLSA, and Plaintiff is entitled to the maximum statutory penalties, costs and fees, compensatory damages in the form of back pay, front pay, and any other lost benefits of employment, emotional distress damages, liquidated damages, punitive damages, and all other appropriate forms of relief, including reasonable attorneys' fees.

## SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Retaliation under NYLL with respect to Plaintiff only*

70.    Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

71.    Under NYLL § 215(1)(a), "[n]o employer or his or her agent, or the officer or agent of any corporation . . . shall discharge, threaten, penalize, or in any other manner discriminate or retaliate against any employee (i) because such employee has made a complaint to his or her employer . . . that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

72.    As described above, after Plaintiff opposed practices that he believed were unlawful under the NYLL, Defendants retaliated by terminating his employment.

73.    Defendants' practices were in violation of the NYLL, and Plaintiff Collins is entitled to the maximum statutory penalties, costs and fees, compensatory damages in the form of back pay, front pay, and any other lost benefits of employment, emotional distress damages, liquidated damages, punitive damages, interest, and all other appropriate forms of relief, including reasonable attorneys' fees.

74.     Pursuant to NYLL § 215(2)(b), contemporaneous with the filing of this Complaint, Plaintiff Collins is filing a Notice of Claim with the Office of the New York State Attorney General, thereby advising the aforementioned of his claim for retaliation under Section 215 of the NYLL.

## DEMAND FOR A JURY TRIAL

75.     Pursuant to FRCP 38(b), Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs demand judgment against Defendants as follows:

a.     A judgment declaring that the practices complained of herein are unlawful and in violation of the aforementioned United States and New York State Laws;

b.     Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.     An order restraining Defendants from any retaliation against Plaintiff, FLSA Plaintiffs, and/or Rule 23 Plaintiffs, for participation in any form of this litigation;

d.     Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.   Certification of the claims brought in this case under the NYLL and NYCCRR as a class action pursuant to FRCP 23;

f.   All damages that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs have sustained as a result of the Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs would have received but for the Defendants' unlawful payment practices;

g.   Liquidated damages and any other statutory penalties as recoverable under the FLSA and NYLL;

h.   All damages that Plaintiff Collins sustained as a result of Defendants' retaliatory actions, including an injunction restraining future retaliatory actions, compensation for lost wages, benefits and all other remuneration, whether back pay or front pay, whether legal or equitable, emotional distress damages, and punitive damages;

i.   Awarding Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs their costs and disbursements incurred in connection with this action, including reasonable attorneys' fees, expert witness fees, and other costs and expenses, and an award of a service payment to Plaintiff;

j.   Designation of Plaintiff and his counsel as class/collective action representatives under the FRCP and the FLSA;

k.   Pre-judgment and post-judgment interest, as provided by law; and

l.    Granting Plaintiff, FLSA Plaintiffs, and Rule 23 Plaintiffs other and further relief

as this Court finds necessary and proper.

Dated:  Great Neck, New York
        March 2, 2017

                                        Respectfully summited,

                                        BORRELLI & ASSOCIATES, P.L.L.C.
                                        *Attorneys for Plaintiff*
                                        1010 Northern Boulevard, Suite 328
                                        Great Neck, New York 11021
                                        Tel. (516) 248-5550
                                        Fax. (516) 248-6027

                          By:    _____
                                        DONG PHUONG V. NGUYEN (DN 7326)
                                        ALEXANDER T. COLEMAN (AC 1717)
                                        MICHAEL J. BORRELLI (MB 8533)