**BORRELLI & ASSOCIATES**
P.L.L.C.
www.employmentlawyernewyork.com

| 655 Third Avenue | 1010 Northern Boulevard |
| Suite 1821 | Suite 328 |
| New York, NY 10017 | Great Neck, NY 11021 |
| Tel. No. 212.679.5000 | Tel. No. 516.248.5550 |
| Fax No. 212.679.5005 | Fax No. 516.248.6027 |

February 26, 2018

<u>Via Electronic Case Filing</u>
The Honorable William H. Pauley III
United States District Judge for the
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Anthony Collins v. Anthem Productions, LLC, et al.*
    <u>Docket No.: 17-cv-01567 (WHP)(DCF)</u>

Dear Judge Pauley:

  We represent Plaintiff, Anthony Collins, in the above-referenced wage and hour matter against Defendants, Anthem Productions, LLC d/b/a Anthem Sound, Stage, and Lighting, and Angelo Poulos, individually, (collectively as "Defendants"), brought pursuant to the Fair Labor Standards Act ("FLSA) and New York Labor Law ("NYLL"). As the Court knows, on February 5, 2018, the parties appeared before Your Honor for a bench trial and on February 15, 2018, prior to submitting post-trial briefs, the parties informed the Court that they had reached a settlement in principal, ECF No. 26, which they have now reduced to a formal written agreement. The Parties' Settlement Agreement ("Agreement") is attached hereto as **Exhibit 1**. We write now, on behalf of the Parties, to explain the terms of the Parties' settlement with respect to Plaintiff's FLSA claims, and to seek approval of their settlement of those claims in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1]

---

[1] Plaintiff's claims under the NYLL do not require court approval, even though they are released in the settlement.

**I.      Procedural History and Settlement Agreement Terms**

While Plaintiff is aware of Your Honor's general requirements for approval of any proposed settlement in accordance to *Cheeks*, 796 F.3d 199, here, Plaintiff provides only a brief recitation of the facts and procedural history as Your Honor has heard the parties' evidence at trial and is well-versed in the case's procedural posture.  Namely, on March 2, 2017, Plaintiff filed his Complaint against the Defendants, claiming, *inter alia*, unpaid overtime under the FLSA and NYLL, wage statement and wage notice violations under the NYLL, and retaliation under the FLSA and NYLL. ECF No. 1.  On June 2, 2017, Defendants filed their Answer, in which they denied that they were employers under the FLSA and NYLL, asserted the affirmative defenses of good faith and that any violations were not willful, and denied that they failed to pay Plaintiff properly under the law. ECF No. 14.  From June 15, 2017 to December 14, 2017, the parties attempted to resolve the case by partaking in four settlement conferences.  On January 12, 2018, the parties submitted a joint pre-trial order. ECF No. 23.  On February 5, 2018, the parties appeared for a bench trial in front of Your Honor, where the parties presented their respective claims and defenses and evidence in support thereof. ECF No. 25.  After the trial, the Court set a deadline of February 16, 2018 for the Parties to submit proposed findings of facts and conclusions of law, and further encouraged the Parties to attempt to settle the case.   Thereafter, prior to making those written submissions, the Parties reached a resolution of Plaintiff's claims for a total sum of $10,000 (hereinafter the "Settlement Sum").  This amount will be distributed within ten days of the Court's approval of the settlement agreement as follows:

   a. Two checks made payable to "Anthony Collins," one in the amount of $3,030.75 as alleged back wages less any legally required taxes and withholdings, and one in the amount of $3,030.76 as alleged liquidated damages and interest, for a total of $6,061.51;

   b. One check shall be made payable to "Borrelli & Associates, P.L.L.C." in the total amount of $3,938.49, representing attorneys' fees of $3,030.75 (1/3 of the net, after expenses), and expenses of $907.74.

Plaintiff, on behalf of all Parties, respectfully submits that this amount and allocation is fair and reasonable under the circumstances for the reasons detailed below.

**II.     The Agreement is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks*, 796 F.3d at 206-07.  Courts routinely hold that "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." *Delgado v. Technical Institute of Am., Inc.*, 2018 WL 637761, at *1 (S.D.N.Y. Jan.

2

30, 2018) (citation omitted); *see Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. 2015) (approving FLSA settlement where the agreement "reflect[ed] a reasonable compromise over contested issues") (internal quotations omitted) (Pauley, *J.*). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement, and approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *Tiro v. Pub. House Investments, LLC*, 2013 WL 4830949, at *10 (S.D.N.Y. Sept. 10, 2013) (citation and internal quotations omitted).

In evaluating the fairness of a proposed settlement of FLSA claims, most courts in this Circuit apply the five-factor test articulated in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). The *Wolinsky* factors consider: (a) the plaintiff's range of possible recovery; (b) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (c) the seriousness of the litigation risks faced by the parties; (d) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (e) the possibility of fraud or collusion. The Parties submit that their settlement of Plaintiff's FLSA claims is fair and reasonable based on the *Wolinsky* factors.

### A.  *Range of Possible Recovery*

Here, as this Court knows from the February 5, 2018 bench trial, Plaintiff worked for Defendants, in their various forms, from June 2013 until September 6, 2016 as an audio technician. The maximum FLSA statute of limitations is three years, 29 U.S.C. § 255(a), making the relevant employment period for the purposes of Plaintiff's FLSA claims from March 2, 2014 to Plaintiff's last day of work on September 6, 2016. For at least that period, Plaintiff alleges that Defendants were employers under the FLSA, and in that role required Plaintiff to work, and Plaintiff did work, between forty-five and fifty hours per week. From June 2013 until September 2015, Plaintiff claims that Defendants paid him an hourly wage of $25.00 and an overtime wage of $37.50 per hour. From October 2015 until his termination, he claims that Defendants paid him an hourly wage of $27.00 per hour and an overtime wage of $40.50 per hour. Plaintiff alleges though that Defendants only compensated him at his overtime rate of pay after forty-five hours and improperly paid him at his straight hourly wage for hours between forty and forty-five in a week. Plaintiff further alleges that Defendants acted willfully and did not act in good faith, and thus owe him liquidated damages in addition to his actual damages for the maximum statutory period, as opposed to the shorter two year period to be used when willfulness is not established. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 141 (2d Cir. 1999), holding modified by *Zheng v. Liberty Apparel Co. Inc.*, 355 F.3d 61 (2d Cir. 2003).

As the Court heard at trial, Defendants deny that they were an employer under the FLSA as they contend that they are not a covered enterprise due to their annual gross revenue, dispute

the hours that Plaintiff claimed to have worked, deny that they were Plaintiff's employer from June 2013 to January 1, 2016 as the entity Defendant formed after January 1, 2016, and maintain that they paid Plaintiff proper overtime wages for all hours worked.  Defendants also provided time records that show that Plaintiff did not always work more than forty hours per week, and thus for at least those weeks, had no overtime claims.  They also contend that their conduct was not willful and that they acted in good faith.

In issuing its decision, were the Court to credit all of Plaintiff's allegations, Plaintiff's maximum recovery for his FLSA overtime claims from June 2013 to September 6, 2016 would be approximately $10,867.50, plus up to 100% of that amount as liquidated damages.  However, were the Court to credit Defendants' claim that Plaintiff only started working for Anthem Productions after January 1, 2016, Plaintiff's maximum recovery for his FLSA overtime claims would be approximately $5,422.75, plus up to 100% of that amount as liquidated damages. Additionally, were the Court to credit Defendants' records, which suggest that Plaintiff did not work more than forty hours per week and thus had no overtime claims for a significant portion of Plaintiff's employment, Plaintiff might be entitled to significantly less.  Plaintiff's FLSA recovery would also be nothing if Plaintiff cannot establish that the Defendants were a covered FLSA enterprise, which is debatable based on the evidence presented at trial.  Thus, the negotiated settlement of $10,000, of which Plaintiff is to receive $6,061.51 in his pocket after paying his attorney's fees and expenses, represents a reasonable outcome to Plaintiff.

### B.     *Avoiding Burdens and Potential Risks of Continued Litigation*

Regarding the second and third *Wolinsky* factors, if the Parties failed to reach a settlement, the parties would have had to incur additional expenses to prepare proposed findings of fact and conclusions of law and the Court would have had to expend judicial resources in deciding same.  There is then of course always the potential of an appeal.  Moreover, as the Court knows from the bench trial, there were several factual issues that could reasonably be resolved either way, and thus even if successful on some of them, Plaintiff faced a difficult challenge in recovering a greater amount that that received here.  Additionally, the amount of money that the Plaintiff is receiving under the Agreement is significant to him.  Thus, the Court should find that these factors weight in favor of approval.

### C.     *Arm's-Length Bargaining*

As to whether the settlement is the product of arm's-length bargaining and is a reasonable, non-collusive resolution of the FLSA claims, the settlement negotiations took place after adversarial litigation and the parties only agreed to settle after a bench trial in front of Your Honor.  There was certainly no fraud or collusion associated with the process.

### D. *No Cheeks Admonitions*

Furthermore, the settlement agreement does not contain any terms that would militate against the Court approving it. For instance, Plaintiff's release in paragraph seven of the Settlement Agreement is limited to any wage and hour claims that Plaintiff has or may have against the Defendants only, and does not fall into the category of releases that are so broad and encompassing as to be rejected because they run afoul of standards of fairness and reasonableness. *See Flood v. Carlson Restaurants Inc.*, 2015 WL 4111668, at *2 (S.D.N.Y. July 6, 2015); *Ezpino v. CDL Underground Specialists, Inc.*, 2017 WL 3037483, at *3 (E.D.N.Y. June 30, 2017) (citing *Cheeks,* 796 F.3d at 206); *Gonzalez v. Lovin Oven Catering of Suffolk, Inc.*, 2015 WL 6550560, at *3 (E.D.N.Y. Oct. 28, 2015) (citing *Cheeks,* 796 F.3d at 206); *Lopez v. Nights of Cabiria, LLC*, 2015 WL 1455689, at *6-7 (S.D.N.Y. March 30, 2015). Likewise, the agreement does not contain a confidentiality or non-disparagement clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that employees' wages are fair." *Flood*, 2015 WL 4111668, at *1 (citing *Lopez,* 2015 WL 1455689, at *5); *also compare Ezpino*, 2017 WL 3037483, at *2-3 (citing *Cheeks,* 796 F.3d at 206) (approving settlement agreement where it did not "contain a confidentiality provision nor does it contain a non-disparagement clause"); *with Gonzalez*, 2015 WL 6550560, at *3 (citing *Cheeks,* 796 F.3d at 206) (declining to approve FLSA settlement containing a confidentiality provision).

With respect to the settlement payment, Plaintiff's entire settlement award will be paid ten days following the Court's approval of the Parties' settlement. To protect Plaintiff in the event of a breach, the settlement agreement provides that should the Defendants fail to timely make payment, Plaintiff's counsel will notify the Defendants' counsel of their breach and afford them a period of three business days to cure said breach. If the Defendants fail to timely cure any such breach, the remaining unpaid settlement amount will immediately become due and owing and Plaintiff will then petition this Court to enter a judgment in that amount, in addition to Plaintiff's counsel's reasonable fees and costs associated with pursuing the unpaid settlement amount. To that end, the agreement provides that this Court will retain jurisdiction to enter judgment in the event of a breach, which will permit prompt enforcement of the agreement.

### E.     **The Requested Attorneys' Fees and Costs are Reasonable.**

In addition to assessing the reasonableness of the settlement award, most courts since *Cheeks* have found that courts "must also assess the reasonableness of any attorneys' fee award." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 585 (S.D.N.Y. Oct. 7, 2015) (citing *Wolinsky*, 900 F. Supp. 2d at 336). When courts examine attorneys' fee awards in Rule 41 FLSA settlements, it is "to ensure that the interest of plaintiffs' counsel in counsel's own compensation [did not] adversely affect the extent of the relief counsel [procured] for the clients."

5

*Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336).

Here, the portion of the settlement amount attributable to attorneys' fees is $3,030.75, limited to one-third of the total net settlement amount. Plaintiff's counsel's request that the Court approve fees of one-third of the total settlement is "consistent with the trend in this Circuit." *Tiro v. Public House Investments, LLC*, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); *Ezpino*, 2017 WL 3037483, at *3 (quoting *Calle v. Elite Specialty Coatings Plus, Inc.*, 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014)) ("'A one-third contingency fee is a commonly accepted fee in this Circuit.'"); *Kochilas v. Nat'l Merchant Servs., Inc.*, 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases). Courts in this Circuit routinely approve attorney's fees awards at a rate of one-third of the total net settlement. *See Ezpino*, 2017 WL 3037483, at *3 (approving request for fees at a "contingent rate of one-third"); *see also Cregg v. Firstservice Residential N.Y., Inc.,* Docket No. 15-cv-3876-LB, D.E. 14, at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); *Najera v. Royal Bedding Co., LLC*, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); *Calle*, 2014 WL 6621081, at *3 ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); *Rangel v. 639 Grand St. Meat & Produce Corp.*, 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of the total recovery). Thus, a one-third recovery of the net is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. *See Massiah v. MetroPlus Health Plan, Inc.*, 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success").

Additionally, the reasonableness of Plaintiffs' requested attorneys' fee is further solidified by "[a]pplying the lodestar method as a cross check." *Guaman v. AJNA-BAR NYC*, 2013 WL 445896, at *8 (S.D.N.Y. Feb. 5, 2013) (citing *Goldberger v. Integrated Resources, Inc.*, 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, the Firm multiplied the attorney and paralegal hours spent on the case by each individual's reasonable hourly rate. *See Healey v. Leavitt*, 485 F.3d 63, 71 (2d Cir. 2007). To date, Plaintiffs' counsel have billed over 184.80 hours on this matter - - a case that culminated in a bench trial - - amounting to approximately $36,857.00 in fees if calculated pursuant to the lodestar, an amount well in excess of the $3,030.75 contingency fee that counsel seeks. This figure is based on hourly rates of: $400.00 per hour for Michael J. Borrelli, Esq., Plaintiff's counsel's firm's managing partner; $350.00 per hour for Alexander T. Coleman, Esq., the firm's partner who supervised all associate work in this case; $250.00 per hour for Dong Phuong V. Nguyen, undersigned counsel with three years of wage and hour experience, and $200.00 for Taylor M.

Ferris, an attorney with two years of wage and hour experience;[2] and $95.00 per hour for law clerks and paralegals. Courts routinely approve these rates. *See Simono v. Gemco Realty II, LLC*, Docket No. 16-cv-05385 (AJN), ECF No. 32 (S.D.N.Y. Oct. 23, 2017) (approving as reasonable rates of $400.00 per hour for Mr. Borrelli, $350.00 per hour for Mr. Coleman, $200.00 for the firm's junior associates, and $100.00 per hour for the firm's paralegals); *Amador et al. v. CILS, LTD, et al.*, Docket No. 16-cv-1733 (VB) (S.D.N.Y. Feb. 28, 2017) (approving as reasonable rates of $400 per hour for Mr. Borrelli, $350 for Mr. Coleman, between $200 and $275 for the firm's associates); *Aguilar v. Trolio Landscaping, Inc.*, Docket No. 16-cv-02230 (CS), ECF No. 32 (S.D.N.Y. Feb. 16, 2017) (approving rates of $400.00 per hour for Mr. Borrelli, $350.00 per hour for Mr. Coleman, and $100.00 per hour for the Firm's paralegals); *Santos v. Yellowstone Properties, Inc.*, 2016 WL 2757427, at *4 (PAE) (S.D.N.Y. May 10, 2016) (approving rates of $400.00 per hour for Mr. Borrelli, $350.00 per hour for Mr. Coleman after becoming a partner and $325.00 per hour for him prior to becoming a partner, rates ranging from $200.00 to $300.00 for the Firm's associates, and between $75.00 per hour and $90.00 per hour for the Firm's paralegals); *Calderon v. Dynamic Corp. Holdings, Inc.*, No 14-cv-3093 (ARL) (E.D.N.Y. Apr. 8, 2016) (same); *Rosario v. Valentine Ave. Discount Store. Co.*, No. 10-cv-5255 (ERK)(LB) (E.D.N.Y. Mar. 3, 2016) (same); *Castillo v. RV Transport, Inc.*, No. 15-cv-527 (LGS)(JCF) (S.D.N.Y. Dec. 21, 2015) (approving rates of $400.00 per hour for Mr. Borrelli, $325.00 per hour for Mr. Coleman prior to him becoming a partner, $250.00 per hour for one of the Firm's senior associates, and $100.00 per hour for the Firm's paralegals); *Cregg v. FirstService Residential New York, Inc.*, Docket No. 15-cv-3876 (LB) (E.D.N.Y. Dec. 9, 2015) (approving rates of $400.00 per hour for Mr. Borrelli, $325.00 per hour for Mr. Coleman, $250.00 per hour for Firm's associates, and $75.00 per hour for the Firm's paralegals); *Patino v. Brady Parking, Inc.*, 2015 WL 2069743, at *2 (S.D.N.Y. Apr. 30, 2015) (Freeman, *J.*) (approving rates of $400.00 per hour for Mr. Borrelli, $325.00 per hour for Mr. Coleman, $250.00 per hour for one of the Firm's associates, and $75.00 per hour for the Firm's paralegals).

The fees requested represent merely 8.2% of the lodestar in this case, which falls well below what courts routinely approve as reasonable. *See, e.g., Lizondro-Garcia v. Kefi LLC*, 2015 WL 4006896, at *1-*5 (S.D.N.Y. 2015) (approving 1.68 lodestar multiplier); *Cuthbert v. New Soldier's Rest., Inc.*, 2015 WL 1321676, at *2 (E.D.N.Y. Mar. 24, 2015) (approving 2.5 lodestar multiplier in default judgment fee award); *Asare v. Change Group of New York, Inc.*, 2013 WL 6144764, at *19-20 (S.D.N.Y. Nov. 18, 2013) ("Typically, courts use multipliers of 2 to 6 times the lodestar."); *see also Wolinsky¸* 900 F. Supp. 2d at 336 (explaining that a court may adjust the fee upward or downward from the lodestar amount based on other considerations). Moreover,

---

[2] While Ms. Ferris, an attorney admitted in the SDNY, and Mr. St. John, a licensed attorney who is not yet admitted to the SDNY and for whom the Firm billed as a law clerk, both assisted with the case at various points, there has been only one lead associate handling the case at a time, under the supervision of the Firm's partners, throughout the entire ligation history.

Plaintiff's counsel has submitted detailed billing records, kept contemporaneously, in support of this motion, attached hereto as **Exhibit 2**.

Finally, with respect to costs, Plaintiff's counsel has incurred $907.75 in out-of-pocket expenses prosecuting this case.  While there are certain expenses for which the Firm does not have corresponding receipts, these entries are generally charges for Pacer, copying services, and postage.  In spite of the fact that there are no receipts for these charges, these expenses were necessarily incurred in this case and the services for which fees have been charged were actually and necessarily performed.  Plaintiff's counsel's itemized expense report is attached here as **Exhibit 3**.[3]

Accordingly, Plaintiff's counsel's request for a total of $3,938.49 as compensation for their work and expenses in this matter is entirely reasonable.

### III.   Conclusion

For the forgoing reasons, Plaintiff, on behalf of the Parties, respectfully requests that the Court approve the settlement of Plaintiff's FLSA claims on the terms set forth in the Agreement and described herein, dismiss this matter with prejudice, but retain jurisdiction to enforce the terms of the Parties' Agreement and enter judgment in the event of a breach.  The Parties have attached a proposed order of dismissal as Exhibit A to the Parties' Agreement.

Respectfully submitted,

_____
Dong Phuong V. Nguyen, Esq.
*For the Firm*

To: All Counsel *via* ECF
Enclosure

---

[3] The attached expense report, in the amount of $612.99, does not include the cost of the trial transcript in the amount of $294.75, which was purchased in preparation for submission of the proposed findings of fact as well as to evaluate Plaintiff's settlement position after the bench trial.  Plaintiff will provide the receipt for the trial transcript once Plaintiff receives it if the Court so requires.